ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cv-0381-TLN-JDP |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| APPROXIMATELY $325,690.00 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 898144223269, | |
| Defendant. | |

The Court having reviewed the Joint Request for a Protective Order by the United States of America and Claimant JVA Building LLC (hereinafter, the "Parties") and good cause appearing therefore, enters the following Protective Order:

**PROTECTIVE ORDER**

1.    **Scope.**  This Order covers the Claimant and all parties now named in this action, whether any appearance has been entered on their behalf, and any and all parties that may hereafter be named and or join this action.  All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.  Because there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever

possible.

2.  **Definition of Confidential Information**.  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents:

> a.  Law Enforcement Records – documents obtained pursuant to grand jury subpoenas, investigative reports and memoranda, and seizure warrant applications, affidavits, and returns.  These materials reveal confidential investigations and contain information protected under Fed. R. Crim. P. 6(e);
>
> b.  Financial and Business Records – bank statements, wire transfers, account opening documents, and other third-party records collected during law enforcement's investigation and similar records produced by the Claimant;
>
> c.  Victim and Third-Party Information – personally identifying and proprietary business information belonging to victims of the scheme and other non-party entities, including escrow companies, real estate professionals, financial managers, and related businesses whose records were obtained through subpoenas or warrants; and
>
> d.  Other sensitive information that, if not restricted as set forth in this order, may subject Claimant or non-parties to financial injury or potential liability.

3.  **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential

Information are not required to be marked.  By marking a designated document as confidential, the designating party certifies that the document contains Confidential Information.

4.    **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure to designate.

5.    **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or documents to which attorney-client privilege or work-product protection is asserted must return it upon request to the producing party.  Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or documents by the other party prior to such later designation will not be deemed a violation of this Order.  Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

6.    **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

7.    **Protection of Confidential Material.**

a.    **General Protections.**  Designated Confidential Information must be used or

disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

b. **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

1. The Parties to this litigation;

2. Counsel for the Parties and members of their legal or support staff;

3. Individuals who may be deposed in this action subject to their agreement to maintain the confidentiality of the information or documents;

4. Court reporters, recorders, and videographers engaged for depositions;

5. The Court and Court personnel, including any appointed special master, jury members, and stenographic reporters engaged in any court or judicial proceedings as are necessarily incidental to the preparation or trial of this litigation;

6. Any mediator appointed by the Court or jointly selected by the Parties;

7. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to be Bound;

8. Any other persons as the Parties to this litigation agree to in writing or as the Court determines; and

9. Federal investigators assigned to the investigation connected to this action.

c. **Control of Documents.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel for the Parties must maintain a record of those persons who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

4

8. **Filing Confidential Information.**  A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) complying with the Court's under-seal filing procedure set forth in the Local Rules of the Eastern District of California.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  Merely designating information as Confidential Information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The Parties understand that the requested documents may be filed under seal only with the Court's permission after proper motion.  If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

9. **Challenging a Confidential Designation.**  Any party may challenge the designation of any material or document as Confidential Information.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  If the parties do not agree that the material or document is Confidential Information, the designating party must file a motion that identifies the challenged material and sets forth in detail the basis for the designation, but must first arrange for a telephone conference with a magistrate judge pursuant to the Local Rules of the Eastern District of California before filing such a motion.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the Court rules on the dispute, all parties must continue to treat the material as Confidential Information.

10. **Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.    **Obligations on Conclusion of Litigation.**

a.    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

b.    **Returning Confidential Documents.**  Upon request of the designating party within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Nothing in this Order shall preclude counsel of record from retaining one copy of all Confidential Information for a period of two (2) years in order to comply with all applicable Procedural Rules and Ethical Requirements.

c.    **Retaining Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12.    **Modification.**  This Order may be modified by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

13.    **Enforcement.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

14.    **No Prior Judicial Determination.**  This Order is entered based on the Parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

15.    **Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their firms, the Parties, and persons made subject to this Order by its terms.

16.    **Protections Extended to Third-Party's Confidential Information.**  The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

IT IS SO ORDERED.

Dated:    December 2, 2025

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7

Protective Order

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated November ___, 2025, in the case captioned, *United States v. Approximately $325,690.00 Seized From Bank of America Account Number 898144223269*, and understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.


**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

**Date:** _____

**Signature** _____