ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $325,690.00 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 898144223269,

Defendant.

2:24-CV-00381-TLN-JDP

STIPULATON AND ORDER FOR A 60-DAY STAY UNDER 18 U.S.C. § 981(g)

**STIPULATION FOR A STAY UNDER 18 U.S.C. § 981(g)**

The United States of America and the Claimant JVA Building LLC, by and through its counsel of record, hereby stipulate and jointly request that the Court stay this civil forfeiture action for a period of sixty (60) days pursuant to 18 U.S.C. § 981(g). In support of this joint request, the parties represent and agree as follows:

1. In January 2024, the United States filed a Complaint of Forfeiture *In Rem* ("the Complaint") against $325,690.00 traced from a resident of the Eastern District of California to Puentex Strategy Solutions LLC, a Florida business with connections to Argentina, and, finally, to JVA Building LLC ("JVA"), a Florida business owned by Nicolas Pagnini, a citizen of Argentina. ECF No. 1. The Complaint alleges that the funds are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to a "specified unlawful activity," as that term is defined in 18 U.S.C. §

1956(c)(7)(A) and listed in 18 U.S.C. § 1961(1), specifically, violations of 18 U.S.C. § 1343, relating to wire fraud.

2. On May 28, 2024, JVA filed a claim to the defendant funds signed by Nicolas Pagnini. ECF No. 10. According to JVA's claim, Pagnini is the sole owner of JVA and the defendant funds are connected to a transaction in Argentina where Pagnini delivered $350,000 in U.S. Currency to an affiliate of Puentex. Besides JVA, no other parties have entered the case.

3. On May 28, 2024, JVA Building LLC ("JVA") filed a verified claim to the defendant funds, signed by Nicolas Pagnini, a citizen of Argentina. ECF No. 10. According to the claim, Pagnini is the sole owner of JVA and asserts an interest in the defendant funds arising from a transaction in Argentina in which Pagnini delivered United States currency to an affiliate of Puentex. No party other than JVA has appeared in this action.

4. The United States intends to file an Amended Complaint that retains the original forfeiture theory and adds factual allegations, now that a related criminal indictment has been unsealed, describing the unlicensed money transmitting network through which the defendant funds moved.

5. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), which provides that a court shall stay a civil forfeiture proceeding if the court determines that civil discovery will adversely affect the government's ability to conduct a related criminal investigation or the prosecution of a related criminal case. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court "shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings." 18 U.S.C. § 981(g)(4). Section 981(g)(2) separately authorizes a stay, upon motion of a claimant, where the claimant is the subject of a related criminal investigation or case and continuation of the forfeiture proceeding would burden the claimant's right against self-incrimination.

**Grounds for the Stay under 18 U.S.C. § 981(g)**

6. **Related criminal prosecution**. On April 15, 2025, a federal grand jury in the Western District of Kentucky returned an indictment, since unsealed, charging Jonathan RIVAS, Ivo ROJNICA, and Federico PULENTA with conspiracy, in violation of 18 U.S.C. § 371, to defraud federally insured financial institutions and to operate an unlicensed money transmitting business in violation of 18 U.S.C.

§ 1960. See United States v. Rivas, et al., No. 5:25-cr-20-BJB (W.D. Ky.). The indictment alleges that the defendants operated a network of shell "investment" entities used to move funds between Argentina and the United States outside the licensed banking system—an illicit "blue dollar peso exchange." The parties, witnesses, facts, and circumstances underlying that prosecution substantially overlap with those at issue here, including the movement of funds through the Puentex accounts, which the operative complaint alleges transacted with entities and individuals charged in that prosecution.

7. **Related criminal investigation**. The conduct alleged in this action remains the subject of an ongoing, related criminal investigation. Permitting civil discovery to proceed now—including depositions of the investigating agents and the production of grand-jury and investigative materials—would prematurely disclose the scope, sources, and direction of that investigation and would adversely affect the government's ability to conduct it and any related prosecution.

8. **Pending extradition**. The United States has initiated international extradition proceedings arising from the related criminal matter; a supporting affidavit was filed in the Western District of Kentucky on February 6, 2026. See No. 5:25-cr-20-BJB, ECF No. 14. Allowing civil discovery to go forward while extradition is pending would risk exposing witnesses, evidence, and investigative strategy relevant to securing the presence of, and ultimately prosecuting, individuals located abroad. This provides an independent and compelling basis for a stay.

9. **Claimant's Fifth Amendment interests**. Requiring JVA and Pagnini to answer the respond to discovery requests and submit to a deposition concerning the source of the funds Pagnini delivered to a Puentex affiliate in Argentina would place the claimant in the position of either waiving the privilege against self-incrimination or invoking it and impairing the claim. A stay protects those interests while the related criminal matter proceeds. See 18 U.S.C. § 981(g)(2).

10. **Parallel stayed proceeding**. A parallel *in rem* civil forfeiture action arising from the same network—e.g., Jonathan RIVAS, Ivo ROJNICA, and Federico PULENTA—is pending in the Southern District of New York, United States v. Approximately $2,308,378.00 in United States Currency, et al., Case No. 1:25-cv-6325-JAV, in which Ivo ROJNICA and others are claimants. The forfeiture complaint seeks to forfeit over $4 million seized from accounts at Metropolitan Commercial Bank ("MCB"), for subject accounts under the names Blue Flower Investment Fund ("Blue Flower"),

Lopud Investment Manager ("Lopud"), and Mudart Springs, LLC ("Mudart Springs"). According to the allegations in the complaint, Jonathan RIVAS and Ivo ROJNICA opened bank accounts at MCB for Blue Flower, Lopud, and Mudart Springs, which were British Virgin Islands ("BVI") incorporated companies, under the guise that the companies operated investment firms. That court granted a stay under 18 U.S.C. § 981(g)(1) on March 17, 2026, finding that civil discovery would adversely affect the related criminal prosecution in the Western District of Kentucky, and the stay was thereafter extended through July 2026. The same considerations warrant a stay here.

11. **Meet and confer**. The parties have conferred, recognize that proceeding at this time has potential adverse effects on the related criminal matter, on the government's ability to participate with civil discovery, and on the claimant's ability to assert defenses, and jointly request that this action be stayed for sixty (60) days. Before the expiration of the stay, the United States will file a status report advising the Court of the status of the related criminal matter and whether a further stay is warranted. Accordingly, the parties respectfully request that the Court enter the accompanying order staying this action for sixty (60) days pursuant to 18 U.S.C. § 981(g).

12. For the reasons set forth above, the parties respectfully submit that a stay of proceedings for a period of sixty ("60") days is appropriate under 18 U.S.C. § 981(g). Prior to the expiration of the stay, the parties will update the Court on whether the stay should be extended further or lifted.

Dated: 8/3/2026

/s/ Santiago J. Teran
SANTIAGO J. TERAN
Counsel for Claimant JVA Building LLC
(Authorized by email)

Dated: 8/4/2026

ERIC GRANT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. § 981(g) for a period of sixty days, at which time the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED

Dated: August 4, 2026

Troy L. Nunley
Chief United States District Judge